# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN  DIVISION

LAURIE EDWARDS, F/K/A LAURIE ROLLER, )
)
                    Plaintiff, )
)
            v. )        Civil Action
)        No.  09-3040-CV-S-JCE
)
BRANSON DEVELOPMENT, LLC; )
G.E.P., INC.; FIELDSTONE AT BRANSON )
CREEK, LLC; and MURDER ROCK )
GOLF & COUNTRY CLUB, )
)
              Defendants. )

## ORDER

Pending before the Court is defendants' Motion for Summary Judgment [Doc. # 63] , to which plaintiff has responded.  [Doc. # 66].  Defendants have replied to that response.  [Doc. # 69].   For the reasons set forth herein, it will be ordered that defendants' Motion for Summary Judgment be denied.

### Standard of Review

There are well-settled principles in ruling a summary judgment motion.  Summary judgment is appropriate when there is no genuine issue of material fact present in the case and judgment should be awarded to the party seeking the motion as a matter of law.  Fed. R. Civ. P. 56©. E.g., Celotex Corp. v. Catrett,  477 U.S. 317 (1986); Pierce v. Marsh, 859 F.2d 601, 603 (8th Cir. 1988).

As the Supreme Court reiterated in Celotex, the summary judgment procedure "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the

Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." 477 U.S. at 327. Under Federal Rule of Civil Procedure 56©, the Court can enter summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Because summary judgment is a drastic remedy, however, it should not be granted unless the moving party has established the right to a judgment with such clarity that there is no room for controversy. Umpleby v. United States, 806 F.2d 812, 814 (8th Cir. 1986). In addition, the party opposing summary judgment motions may not rest upon the allegations in the pleadings. In ruling on motions for summary judgment, the Court must give the nonmoving party all reasonable inferences that can be drawn from the underlying facts. Fischer v. NWA, Inc., 883 F.2d 594, 598-99 (8th Cir. 1989), cert. denied, 495 U.S. 947 (1990). The nonmoving party must, however, resist a summary judgment motion by setting forth specific facts that show there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e); Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir. 1984). The motion may then be granted only if there is no substantial evidence in support of that party's position. A genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party. The moving party has the burden of proving that these requirements have been met. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

Discussion

Plaintiff Laurie Edwards has filed a claim of discrimination under the Family and

2

Medical Leave Act, 29 U.S.C. §§ 2601, et seq. ["FMLA"], arising from her discharge from employment with defendant Branson Development as a sales agent. She alleged in her original complaint that she was an "eligible employee" under the FMLA, and that defendant Branson development was an "employer" under the Act because it employs more than 50 persons. Defendant Branson Development removed the case to federal court. Thereafter, plaintiff filed a First Amended Complaint in which she added G.E.P., Inc., Fieldstone at Branson Creek, LLC, and Murder Rock Golf and Country Club LLC as defendants.[1] She contends that Branson Development (doing business as Branson Creek) and defendant entities Murder Rock, Fieldstone and/or G.E.P. were and are joint employers because she performed work that simultaneously benefitted them. It is her contention that there was an arrangement among defendants to share her services or to interchange employees, or that the employers were not completely disassociated with respect to her employment. Alternatively, plaintiff asserts that defendant entities are sufficiently integrated to warrant unified treatment for purposes of determining FMLA eligibility. She contends that defendants are integrated employers because they are all part of the Patch Group; have common management; an interrelationship between operations; centralized control; a degree of common ownership or financial control; and all acted in the direct interest of each other.

Plaintiff contends that she began her employment with defendants on or about March 6, 2006; that beginning on or about May 23, 2007, she missed work because of the birth of her child and to care for the child and/or because of a serious health condition, which entitled her to

---

[1]Plaintiff also filed a Second Amended Complaint, in which she added defendants Dick Clark AB Theatre, LLC; Branson Creek Realty, LLC; and Branson Creek Community Association. These parties were dismissed by stipulation of the parties on March 17, 2010. [Doc. # 68].

leave pursuant to the FMLA; that she missed more than three continuous days of work; that

beginning on or about July 20, 2007, she contacted defendants about returning to work from her

maternity leave; and that defendants refused to restore her to her former position or offer her an

equivalent position, as well as reduced her medical benefits, all in violation of the FMLA.

Defendants move  for summary judgment on the grounds that plaintiff cannot meet

FMLA's threshold requirements.  It is alleged that she cannot prove that she was an "eligible

employee" or that Branson Development was a covered "employer," as defined by the FMLA.

Defendants specifically submit that plaintiff cannot prove that Branson Development's

operations were so "integrated" with the other entities that their employees should be combined

to determine the Act's numerosity requirement.   It is defendants' position that at the time

plaintiff's maternity leave began, they were not covered by the FMLA because, even if Branson

Development and Murder Rock are found to be integrated or joint employers, they were not

"employers" under the FMLA. They contend that even if their numbers are combined they did

not employ 50 employees when plaintiff's maternity leave began on May 23, 2007.   It is

contended that because plaintiff cannot carry this burden, she has no cause of action to which

FMLA applies.

Additionally, defendants assert that plaintiff has not alleged that any other defendant

entity committed, or directed Branson Development to commit, the alleged FMLA violation, and

because she cannot demonstrate that the defendant entities were her "joint employer," such that

they may be held liable for an FMLA violation, summary judgment should be granted as to the

other defendant entities.

It is also asserted that plaintiff cannot prove detrimental reliance on any representation

made by defendants that her maternity leave was covered by the FMLA, such that defendants should be estopped from arguing that the FMLA does not apply to the facts plead.

In her response, plaintiff contends that there is a genuine issue of material fact regarding whether defendants are an "employer" under the FMLA. She contends that Branson Development and defendant entities Murder Rock and G.E.P. were an integrated "employer" under the FMLA during 2006 and 2007, and were sufficiently integrated to warrant unified treatment under the law. She also asserts that there is a genuine issue of material fact regarding whether defendants were a "joint employer," whether she is an "eligible employee" under the FMLA, and a genuine issue of material fact regarding whether she took maternity leave in reliance on a promise or representation by defendants.

Defendants have replied to plaintiff's response, contending that plaintiff has failed to prove that she is an eligible employee under the FMLA because she has not provided the date on which she requested leave. It is also contended that she has not demonstrated a genuine material factual dispute as to whether defendants are an integrated "employer" under the FMLA, and that defendants are therefore entitled to summary judgment as a matter of law. Defendants contend that plaintiff has also failed to create a material factual dispute regarding whether they are a joint employer for purposes of imposing liability on her employer and other entities. Finally, defendants assert that there are no genuine issues of material fact regarding whether she took maternity leave in reliance on a promise or representation by defendants, and they should not, therefore, be estopped from asserting the FMLA's inapplicability to this case.

In order to be covered under the FMLA, an individual must be an "eligible employee" and be employed by an "employer" as defined in the Act. See 29 U.S.C. § 2611. An eligible

5

employee is one who has been employed at least twelve months and for at least 1,250 hours of service. Id. § 2611(2)(A). An employer is defined as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year...." Id. § 2611(4)(A)(I). The regulations allow for separate entities to be treated as an integrated employer and thereby meet single employer status under the FMLA. See 29 C.F.R. § 825.104(c)(2). The regulations adopt a totality of the circumstances test in which the following factors should be considered: "(I) [c]ommon management; (ii)[i]nterrelation between operations; (iii)[c]entralized control of labor relations; and (iv)[d]egree of common ownership/financial control." Id. Where this test is met, the employees of all entities making up the integrated employer will be counted in determining employee coverage and employee eligibility." Id. "Common ownership alone is insufficient to justify consolidation for counting purposes." Schubert v. Bethesda Health Group, Inc., 319 F.Supp.2d 963, 966 (E.D. Mo.2004).

Defendants argue that plaintiff was employed solely by Branson Development and therefore she was not employed by an "employer" covered by the FMLA. It is contended that Branson Development did not meet the fifty-employee threshold required by the FMLA. Plaintiff submits that defendants have conceded Branson Development and Fieldstone are properly integrated, and that Branson Development, Murder Rock and G.E.P. are an "integrated employer" for FMLA purposes.

A careful review of the record indicates that plaintiff has presented a genuine of material fact on whether defendants are an integrated employer for FMLA purposes. Plaintiff alleges that during the relevant time period there was common management among the entities; that

there was an interrelation of operations; that there was centralized control of labor relations; and

that there was a degree of common ownership/financial control. She has produced evidence that

Branson Development and Murder Rock used the same accountant, who prepared financial

statements for both entities; that they shared office space; and that Branson Development and

Murder Rock were required to be and are on the same policy of workers' compensation

insurance. Defendants admit, *inter alia*, that all defendant entities have the same president and

secretary, Tim Mahoney and Virginia Porter; that Tim Mahoney, President, manages the day-to-

day operations of G.E.P., which is the investment holding company that provides oversight of all

investments of the Glenn Patch Trust; that all defendant entities employ the same registered

agent for service of process; that G.E.P. owns 100% of Dick Clark's and has a controlling

interest in Branson Development; that Branson Development wholly owns Fieldstone, Murder

Rock, and Branson Creak Realty; that Murder Rock is a management company that operates the

Murder Rock Golf Course, at which owners of Branson Development's lots have discounts to

play golf; and that Branson Development administers payroll for Murder Rock, as a matter of

convenience. They have also conceded that Branson Development and defendant Fieldstone are

integrated employers. Plaintiff contends that Tim Mahoney managed the day-to-day operations

of both Branson Development and Murder Rock, that he hired her for her job, that he had day-to-

day control over her job, and that he acted in a supervisory capacity for both entities.

Defendants dispute this. Regarding interrelation between operations, she contends that there is

ample evidence that Branson Development entered into contracts on behalf of Murder Rock,

such as the contract to build, develop, manage and operate the Murder Rock Golf & Country

Club. Defendants admit that this occurred. Plaintiff also submits that defendants share common

officers, and employ the same registered agent. She also asserts that while common ownership/financial control is insufficient to demonstrate the requisite integration, without more, it is an important consideration. While defendants deny that there is sufficient evidence to establish that they are integrated employers, the Court finds that plaintiff has demonstrated that there are genuine disputed facts in the record regarding whether defendant entities are an integrated employer for purposes of determining FMLA eligibility.

Plaintiff also argues that defendant entities were joint employers. In a joint employer relationship the analysis assumes separate legal entities exist but that they have chosen to handle certain aspects of their employer-employee relationships jointly. "Where two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under the FMLA." 29 C.F.R. § 825.106(a). "In a joint employer relationship the analysis assumes separate legal entities exist but that they have chosen to handle certain aspects of their employer-employee relationships jointly." Schubert, 319 F.Supp.2d at 970. In this case, defendants contend that because they do not meet the joint employer test, and because Branson Development is the only entity alleged to have committed FMLA violations, summary judgment should be granted as to the other defendant entities. Based on the record before the Court, however, there are genuine factual disputes regarding whether defendant entities were joint employers. Therefore, the Court believes that summary judgment is inappropriate on this issue at this stage of the proceedings.

Additionally, plaintiff has produced evidence that raises a genuine issue of material fact regarding whether defendants were an "employer" under the Act by virtue of defendants having employed "50 or more employees for each working day during each of 20 or more calendar

workweeks in the current or preceding calendar year. . . ." 29 U.S.C. § 2611(4)(A)(I). According to plaintiff's Exhibit 7, Branson Development employed 50 or more individuals for 20 calendar weeks during calendar year 2006. Defendants dispute this. [Defendants' Exhibit A, Crouch Aff. at Ex. 1, pp. 1-4]. According to plaintiff's Exhibit 8, defendants Branson Development and Murder Rock, combined, employed 50 or more individuals for 43 calendar weeks in calendar year 2007. Defendants also dispute this. [Id.]. Defendants assert that in 2006, Murder Rock had no employees of its own and Branson Development employed 50 or more individuals for only seventeen weeks; in 2007, Branson Development employed 50 or more individuals for only 13 weeks, and as of May 23, 2007, the date when plaintiff started her maternity leave, it had only employed 50 or more employees for two weeks. They contend that as of May 23, 2007, Branson Development, G.E.P. and Murder Rock, combined, had only employed 50 or more employees for a total of 15 weeks in 2007.

Under the FMLA, in order to be an "employer," defendants must have had at least 50 employees in each of twenty or work calendar weeks in the current or preceding calendar year. Based on the record before it, the Court finds that plaintiff has raised a genuine factual dispute on this issue, which is integral to her case. She has raised a material factual issue regarding whether defendants met the statutory definition of "employer" during the relevant time period. Therefore, summary judgment must be denied.

On the issue of plaintiff's detrimental reliance on a promise or representation made by defendants, the Court finds that plaintiff has raised a genuine issue of material fact. The record indicates that defendants' family and medical leave policy, as delineated in their handbook, tracks the statutory language of the FMLA. Based on the record as a whole, there is a genuine

factual dispute regarding whether plaintiff reasonably relied to her detriment on a

misrepresentation regarding being able to take FMLA-qualified leave.

Despite defendants' assertions, the Court believes that there are material factual disputes

in this case, which make it unamenable to summary judgment.

Based on the foregoing, it is

ORDERED that defendants' Motion for Summary Judgment be, and it is hereby, denied.


 /s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge




Date:      5/10/10